IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

CHRISTOPHER WAYNE JACKSON,

Defendant.

CIVIL ACTION NO.
1:18-CR-0095-LMM-LTW

## **ORDER**

This case comes before the Court on the Magistrate Judge's Report and Recommendation ("R&R") [33], recommending that Defendant's Motions to Suppress [15, 16, 23] be granted. Pursuant to 28 U.S.C. § 636(b)(1), the Government filed Objections to the R&R [35]. After due consideration, the Court enters the following Order:

### **I.     LEGAL STANDARD**

Under 28 U.S.C. § 636(b)(1), the Court reviews the Magistrate's Report and Recommendation for clear error if no objections are filed to the report. 28 U.S.C. § 636(b)(1). If a party files objections, however, the district court must determine *de novo* any part of the Magistrate Judge's disposition that is the subject of a proper objection. Id.; Fed. R. Crim. P. 59(b)(3). As the Government filed objections, the Court reviews the Magistrate Judge's challenged

recommendations on a *de novo* basis. 28 U.S.C. § 636(b)(1). The Court will consider each objection in turn.

## II. DISCUSSION

The Government objects to the Magistrate Judge's conclusion that (1) law enforcement's initial presence at Defendant's door violated the Fourth Amendment; and (2) that law enforcement's entry into Defendant's home was not lawfully authorized by exigent circumstances. See Dkt. No. [35] at 1. The Government argues that law enforcement had reasonable suspicion to believe that Defendant's fugitive brother, Ryan Jackson, was at Defendant's residence and ultimately probable cause once law enforcement smelled marijuana at Defendant's door. Further, it argues that the initial warrantless entry was also supported by exigent circumstances once the marijuana was smelled and Defendant closed the door to law enforcement as there was a concern that evidence could be destroyed, the police could be harmed, or that Defendant's brother Ryan Jackson could have fled.

However, this Court agrees with the Magistrate Judge that law enforcement's conduct revealed an objective purpose to conduct a search for Ryan, not to conduct a "knock and talk"; thus, law enforcement never had an implied license to enter Defendant's property. R&R, Dkt. No. [33] at 26-36; see also Florida v. Jardines, 569 U.S. 1, 10 (2013) ("Here, however, the question before the court is precisely whether the officer's conduct was an objectively reasonable search. As we have described, that depends upon whether the officers

2

had an implied license to enter the porch, which in turn depends upon the purpose for which they entered. Here, their behavior objectively reveals a purpose to conduct a search, which is not what anyone would think he had license to do."); U.S. v. Maxi, 886 F.3d 1318, 1328 (11th Cir. 2018) (opining that if one police officer had approached the door "alone, knocked, and waited briefly to be received," that would have constituted a valid "knock and talk" but because instead ten law enforcement officers—with four or five at the door and others taking tactical positions around the perimeter—plainly intended to enter the residence to secure the persons inside, as opposed to conducting an informal interview, those officers did not have an implied license to enter the property as a "knock and talk"). Law enforcement's behavior here objectively indicated an intent to search the house for Defendant's brother, not to conduct an informal interview. Approximately ten U.S. Marshals arrived on scene in tactical gear with guns drawn and surrounded Defendant's home. They then yelled "Police, come to the door, police, open the door, police with a warrant, open the door" in order to convince someone inside to open the door so that they could search the home for Defendant's brother. This conduct cannot be objectively viewed as a "knock and talk."

And because law enforcement did not smell marijuana until they were impermissibly on the property, the initial warrantless entry likewise cannot be supported by exigent circumstances. See Kentucky v. King, 563 U.S. 452, 471 (2011) (holding that the exigent circumstances rule only applies "when the police

do not gain entry to premises by means of an actual or threatened violation of the Fourth Amendment."); see also Maxi, 886 F.3d at 1328 ("Jardines makes clear that if officers had found evidence in the yard or peered through windows as they took up positions around the house, that evidence would be subject to exclusion."). The Court therefore **ADOPTS** the R&R as the Order of the Court and **GRANTS** Defendant's Motions [15, 16, 23, 30].

### III. CONCLUSION

The Magistrate Judge's R&R [35] is **ADOPTED** as the Order of this Court and the Government's Objections are **OVERRULED**. Defendant's Motions to Suppress [15, 16, 23] are **GRANTED**.

The trial in this action against Christopher Wayne Jackson is hereby set to begin on Monday, February 25, 2019 at 9:30 A.M. in Courtroom 2107. The pretrial conference will be held on Wednesday, February 20, 2019 at 9:30 A.M. in Courtroom 2107. By noon on Friday, February 8, 2019, the parties are to file the following: motions *in limine* and proposed *voir dire* questions. By noon on Friday, February 8, 2019, the Government must file a brief summary of the Indictment that the parties can rely on for *voir dire*. By noon on Thursday, February 14, 2019, the parties are to file responses to motions *in limine* and any objections and to those items listed above.

Excludable time is allowed through February 25, 2019, pursuant to 18 U.S.C. § 3161 (h)(7)(A) and (B)(iv), to give counsel for Defendant and the Government the reasonable time necessary for effective preparation, taking into

account the exercise of due diligence. The Court finds that the ends of justice served outweigh the best interest of the public and Defendant in a speedy trial and are consistent with both the best interest of the public and individual justice in this matter.

**IT IS SO ORDERED** this 9th day of January, 2019.

_____
**Leigh Martin May**
**United States District Judge**